**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AZZEL MICKEY LEE FOSTER, #533790,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-cv-0829** |
| | ) | |
| **GEORGE W. WAGGONER III and** | ) | **Chief Judge Sharp** |
| **GLEN FUNK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Azzel Mickey Lee Foster, a pretrial detainee in the custody of the Davidson County Sheriff's Department, has filed a civil rights complaint under 42 U.S.C. § 1983 against George W. Waggoner III and Glen Funk. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint or any portion thereof that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint

indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.    Factual Allegations

The plaintiff, a pretrial detainee in the custody of the Davidson County Sheriff's Department, filed this § 1983 lawsuit against George W. Waggoner III, whom he identifies as his criminal defense attorney, and Davidson County District Attorney Glenn Funk (whom he identifies as "Glen" Funk).

The plaintiff alleges that he was "hauled to court" on January 20, 2016 and charged with two counts of probation violation. (ECF No. 1, at 5.) Instead of actually appearing in court, however, he and his attorney, Waggoner, reached a "verbal agreement to receive time served [illegible] 7-months . . . for 11 month 29 day probation violation." (*Id.*) After that, Waggoner told the plaintiff "he was going back to work the deal with the District Attorney." (*Id.*) The plaintiff did not actually appear in court that day and has not heard from his attorney again since that meeting on January 20. He did not receive paperwork confirming that a deal had been reached. Waggoner has not responded to his phone calls; the Clerk of Court told the plaintiff there is no record of a deal being worked out; and when the plaintiff tried to bond out of jail, he was told by the bail bondsman that he could not bond out because he has "an out date set in July." (*Id.*) The plaintiff insists that is more time that the full 11 months and 29 days he should have to serve even if jail credits are not counted.

The plaintiff insists that his constitutional rights have been violated and demands that the Court order the defendants to comply with the law

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff first seeks to sue George Waggoner, his criminal defense attorney. Criminal defense attorneys, however, are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether the plaintiff might be able to bring malpractice claims against his attorney in state court, he cannot bring suit against him in federal court for violation of his federal constitutional rights. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). The claims against Waggoner must therefore be dismissed for failure to state a claim upon which relief may be granted.

The plaintiff also seeks to bring suit against District Attorney Glenn Funk, but the plaintiff fails to allege that Funk took or failed to take any action personally that has led to the plaintiff's continued confinement. To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citation omitted)). Here, although the plaintiff's attorney allegedly told him he would speak to the prosecutor to try to work out a deal, the plaintiff actually does not have knowledge of whether that event actually occurred. Moreover, declining a deal proposed by a defense attorney would not subject the prosecutor to liability under § 1983.

More fundamentally, the plaintiff's complaint essentially asserts that he is being illegally confined by the state. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90; *Preiser v. Rodriguez*, 411 U.S. 475,

488–90 (1973). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the *Heck* bar to § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 648. Moreover, the Sixth Circuit has confirmed that *Heck* applies to suits filed by pretrial detainees. *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001). Because the plaintiff's confinement has not been challenged or remedied by any of the procedures listed in *Heck*, his claims are not cognizable under § 1983.

## IV.    Conclusion

Because the plaintiff fails to state claims that are cognizable under 42 U.S.C. § 1983, the complaint must be dismissed under the PLRA.

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court